**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON**

**CIVIL ACTION NO. 16-148-DLB**

**ROBYN LYNN OWENS**                                                        **PLAINTIFF**

**vs.**                          **MEMORANDUM OPINION & ORDER**

**NANCY A. BERRYHILL**, Acting
**Commissioner of Social Security**                                **DEFENDANT**

\*\*\*    \*\*\*    \*\*\*    \*\*\*

Plaintiff brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of an administrative decision of the Commissioner of Social Security. The Court, having reviewed the record and for the reasons set forth herein, will affirm the Commissioner's decision.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff filed an application for Disability Insurance Benefits (DIB) on January 18, 2013, alleging disability beginning June 20, 2012. (Tr. 109). Plaintiff's application for DIB was denied on March 14, 2013. *Id.* Plaintiff appealed, and his Request for Reconsideration was denied on August 20, 2013. *Id.* Plaintiff then filed a Request for Hearing by Administrative Law Judge. *Id.* On February 26, 2015, Administrative Law Judge (ALJ) Roger Lott ruled that Plaintiff was not entitled to DIB. (Tr. 106). The decision became final on June 1, 2016, when the Appeals Council denied review of Plaintiff's claim. (Tr. 1). On July 18, 2016, Plaintiff filed suit in this Court. (Doc. # 2). The parties then

1

filed Cross-Motions for Summary Judgment, which are now ripe for review. (Docs. # 11 & 13).

## II. DISCUSSION

### A. Overview of the Process

Judicial review of the Commissioner's decision is restricted to determining whether it is supported by substantial evidence and was made pursuant to proper legal standards. *See Colvin v. Barnhart*, 475 F.3d 727, 729 (6th Cir. 2007). "Substantial evidence" is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). Courts are not to conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations. *Id.* Rather, the Court must affirm the Commissioner's decision if it is supported by substantial evidence even if the Court might have decided the case differently, *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999), and even if there is evidence favoring Plaintiff's side, *Listenbee v. Sec'y of Health & Human Servs.*, 846 F.2d 345, 349 (6th Cir. 1988). Similarly, an administrative decision is not subject to reversal merely because substantial evidence would have supported the opposite conclusion. *Smith v. Chater*, 99 F.3d 780, 781-82 (6th Cir. 1996).

To determine disability, the ALJ conducts a five-step analysis. Step One considers whether the claimant can still perform substantial gainful activity; Step Two, whether any of the claimant's impairments, alone or in combination, are "severe"; Step Three, whether the impairments meet or equal a listing in the Listing of Impairments; Step Four, whether the claimant can still perform past relevant work; and Step Five, whether a significant

number of other jobs exist in the national economy that the claimant can perform. For the last step, the burden of proof shifts from the claimant to the Commissioner to identify "jobs in the economy that accommodate [Plaintiff's] residual functional capacity." *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003); *see also Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

### B. The ALJ's Determination

At Step One, the ALJ found that Plaintiff has not engaged in substantial gainful activity since June 20, 2012, the alleged onset date. (Tr. 111). At Step Two, the ALJ determined that Plaintiff has the following severe impairments: irritable bowel syndrome (IBS) and ulcerated colitis. *Id.* At Step Three, the ALJ concluded that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1. (Tr. 115).

At Step Four, the ALJ found that Plaintiff possesses the residual functional capacity (RFC) to perform light work, as defined in 20 C.F.R. § 404.1567(b), with the following limitations:

> [Plaintiff can perform light work that] involve[es] sitting for 6 hours in an 8-hour day, standing/walking for 6 hours in an 8-hour day, and that does not require climbing ladders, ropes, and scaffolds, or more than occasional climbing ramps and stairs, crouching, kneeling, and crawling.

(Tr. 115-18). Based on this RFC and relying on the testimony of a vocational expert (VE), the ALJ concluded that Plaintiff was capable of performing her past relevant work as a cashier, deli worker, and fast food worker. (Tr. 118). As a result, the ALJ did not proceed to Step Five and concluded that Plaintiff has not been under a disability, as defined in the Social Security Act, from June 20, 2012 through the date of the decision. *Id.*

**C.     Analysis**

Plaintiff alleges three errors in the hearing decision and asks this Court to reverse the disability determination and remand for immediate payment of benefits or for a new administrative hearing before a different ALJ.  (Doc. # 11-1).  Specifically, Plaintiff argues that the ALJ erred by not including Plaintiff's need for frequent trips to the bathroom in her RFC, that "the ALJ's determination that the Plaintiff is not disabled is not supported by substantial evidence," and that the ALJ should have credited the VE's testimony that adding a limitation of the need for frequent unscheduled breaks at least hourly would eliminate jobs at all exertion levels.  (Doc. # 11-1 at 11-16).  Plaintiff's arguments can be characterized as follows: (1) the ALJ erred in assessing Plaintiff's credibility, (2) the ALJ's RFC determination is not supported by substantial evidence, and (3) the ALJ's conclusion that Plaintiff can perform her past relevant work is not supported by substantial evidence.  These arguments will be addressed in turn.

**1.     The ALJ did not err in assessing Plaintiff's credibility.**

Although relevant to the RFC assessment, a claimant's description of his or her symptoms is not enough, on its own, to establish the existence of physical or mental impairments or disability.  20 C.F.R. § 404.1529(a).  When evaluating a claimant's symptoms, the ALJ must determine whether there is an underlying medically determinable impairment that could be reasonably expected to produce the alleged symptoms.  *Id.*  Once that is established, the ALJ must evaluate the intensity, persistence, and limiting effects of the individual's symptoms to determine the extent to which the symptoms limit the individual's ability to do basic work activities.  *Id.* § 404.1529(c).

When a claimant's complaints regarding the intensity and persistence of her symptoms are unsupported by objective medical evidence, the ALJ must make a credibility determination "based on a consideration of the entire case record," including lab findings, information from treating physicians, Plaintiff's complaints of symptoms, and other relevant evidence. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007) (quoting Soc. Sec. Rul. 96-7p, 1996 WL 374186 at *4). After making a credibility determination, the ALJ must explain that decision with enough specificity "to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for the weight." 20 C.F.R. § 404.1529; Soc. Sec. Rul. 96-7p, 1996 WL 374186, at *2. "Blanket assertions that the claimant is not believable will not pass muster, nor will explanation as to the credibility which are not consistent with the entire record and the weight of the relevant evidence." *Rogers*, 486 F.3d at 248. Once the ALJ has made the credibility determination, the reviewing court must give great weight and deference to that conclusion. *Id.*

Plaintiff complains that the ALJ's RFC "does not take into account [her] frequent trips to the bathroom," even though Plaintiff "testified as to having to go to the bathroom every 30 minutes," has had incontinence, and asserts that "[t]here is no reason to question this part of her testimony as being credible." (Doc. # 11-1 at 12). Plaintiff further argues that the ALJ was wrong to use Plaintiff's daily activities as evidence that she does not need to go to the bathroom frequently because Plaintiff could just wait until she is having a good day to take care of activities such as shopping. *Id.*

At Step Four, the ALJ found that the Plaintiff's "medically determinable impairments could reasonably expected to cause the alleged symptoms." (Tr. 116).

5

However, the ALJ determined that Plaintiff's "statements concerning the intensity, persistence and limiting effects of [her] symptoms are not entirely credible." *Id.* In particular, the ALJ explained that Plaintiff's testimony regarding how frequently she needed to use the bathroom was inconsistent with her activities of daily living and other testimony. "Details of the claimant's largely independent married lifestyle sans required assisted living services, prescribed devices (except eyeglasses), or formal childcare help significantly undermine her alleged incapacitation." (Tr. 116 (internal citations omitted)). For example, the ALJ found that Plaintiff manages many activities associated with daily living, such as shopping, driving, helping to raise her 3-year old son, and completing other household chores and errands, including running errands in public. *Id.* The ALJ also noted that Plaintiff told digestive specialists between February and August 2013 that her condition only "moderately limits [her] activities." (Tr. 116, 661, 663, 665). Plaintiff also stated that she left her last job in October of 2011 because of the birth of her son, "not for reasons related to the current allegations." (Tr. 117, 300). The ALJ concluded that, "[i]n conjunction with the modest treatment evidence, the lack of attempted return to work, and her husband's current unemployment while receiving Workers Compensation benefits, this phenomenon reasonably raises the spectre of secondary gain—rather than genuine medical exigency—as a basis for the current disability application." (Tr. 117 (internal citations omitted)).

Plaintiff disputes the weight the ALJ gave to her activities of daily living, arguing that they are not necessarily inconsistent with her claimed need to go to the bathroom every half hour. (Doc. # 11-1 at 12). But, as the ALJ explained, Plaintiff's claimed limitations are also inconsistent with her statements to her treatment providers (Tr. 661,

6

663, 665), and as discussed below, with the objective medical record. The Court's role is not to re-weigh the evidence. *Smith*, 99 F.3d at 782 (even if the Court would have decided the matter differently than the ALJ, if substantial evidence supports the ALJ's decision, it must be affirmed).

The ALJ also reviewed the objective medical evidence. By February 2013, doctors' notes indicated "healed ulcerative colitis" confirmed by scoping and biopsy results. (Tr. 117, 573-74). The ALJ explained that:

> Otherwise, records reflect only sporadic—and far less acute—flare-ups every 4-6 months, and largely effective symptom control or mitigation through conventional drug therapy.
>
> Thus, aside from reported tenderness as well as occasionally mild pain and diarrhea, the majority of exams are unremarkable for gastric, intestinal, or systemic abnormalities corroborative of the claimant's grave allegations of wholly crippling symptoms.
>
> . . . .
>
> Accordingly, doctors exclusively and conservatively treat the claimant's IBS and ulcerated colitis through a combination of recommended dietary restrictions and medication management of commonly prescribed drugs like the anti-inflammatory agent Mesalamine (i.e., Asacol) and the anticholinergic Dicyclomine (i.e., Bentyl) sans alleged or manifested side effects.
>
> In fact, recent appointment records dated July 2014 describe the claimant's ulcerative colitis as "controlled" and "doing well with regular meds."

(Tr. 117-18 (internal citations omitted)). As a result, the ALJ concluded that Plaintiff's statements regarding the intensity, frequency, and limiting effects of her symptoms were not entirely credible. Having reviewed the ALJ's credibility assessment, which carefully detailed the inconsistencies between Plaintiff's daily activities, subjective complaints, and the objective medical evidence, the Court finds no error.

## 2. The ALJ's RFC determination is supported by substantial evidence.

The RFC determination is "an administrative assessment of the extent to which an individual's medically determinable impairment(s), including any related symptoms, such as pain, may cause physical or mental limitations or restrictions that may affect his or her capacity to do work-related physical and mental activities." Soc. Sec. Rul. 96-8p, 61 Fed. Reg. 34,474, 34,475 (Jul. 2, 1996). Put another way, the RFC is "what an individual can still do despite his or her limitations." *Id.* "In assessing the total limiting effects of [the claimant's] impairment(s) and any related symptoms, [the ALJ] will consider all of the medical and nonmedical evidence" in the record. 20 C.F.R. § 404.1545(e). The ALJ is only required to incorporate those limitations that he or she finds credible into the RFC assessment. *Irvin v. Social Sec. Admin.*, 573 F. App'x 498, 502 (6th Cir. 2014) (citing *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993)).

Plaintiff broadly alleges that the ALJ erred by failing to find her disabled because there is not substantial evidence to support the ALJ's RFC determination, and because "the combined effects of [Plaintiff's] physical and mental impairments reflect that [s]he could not perform a wide range of even sedentary work on a regular and sustained basis." (Doc. # 11-1 at 14). That argument, a conclusory assertion of disability, fails.

At Step Four of the analysis, the ALJ carefully reviewed the entire record and found that Plaintiff was capable of doing light work with the limitations specified. (Tr. 115-18). As explained above, the ALJ properly discounted Plaintiff's subjective symptoms to the extent they lacked credibility. Because the ALJ incorporated the limitations that he found credible into the RFC and because substantial evidence supports the RFC, there is no error.

### 3. The ALJ's determination that the Plaintiff can perform past relevant work is supported by substantial evidence.

Plaintiff also argues that the ALJ erred in finding her not disabled because the VE testified that a need for frequent unscheduled breaks at least hourly would eliminate the jobs available in the national economy that she could perform. (Doc. # 11-1 at 12-13). An ALJ's reliance on VE testimony is acceptable only to the extent that the VE testifies in response to an accurate hypothetical, *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987), but the "ALJ is required to include in the hypothetical questions only those limitations that accurately portray a claimant's physical and mental impairments," *Brewer v. Soc. Sec. Admin.*, 39 F. App'x 252, 254 (6th Cir. 2002). "The ALJ is not obligated to include unsubstantiated complaints in his hypothetical questions." *Id.* As discussed above, in this case, the ALJ found Plaintiff's professed need to go to the bathroom every half hour to be "not entirely credible," and that credibility determination was supported by substantial evidence. (Tr. 116). The ALJ therefore was not required to rely on the VE's testimony about a hypothetical that included frequent unscheduled breaks at least hourly in reaching his conclusion.

Instead, the ALJ posed a hypothetical that was consistent with the ALJ's RFC assessment, which the Court has already found is supported by substantial evidence. (Tr. 118, 158-59). For that reason, the ALJ was entitled to rely on the VE's response to that hypothetical in concluding that Plaintiff was capable of performing her past relevant work. *Id.*; *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 516 (6th Cir. 2010).

## III. CONCLUSION

For the reasons stated herein, **IT IS ORDERED** as follows:

(1) The decision of the Commissioner is found to be supported by substantial evidence and is hereby **AFFIRMED**;

(2) Plaintiff's Motion for Summary Judgment (Doc. # 11) is hereby **DENIED**;

(3) Defendant's Motion for Summary Judgment (Doc. # 13) is hereby **GRANTED**; and

(4) A Judgment in favor of Defendant Commissioner will be entered contemporaneously herewith.

This 11th day of May, 2017.

Signed By:
David L. Bunning
United States District Judge

K:\DATA\SocialSecurity\MOOs\London\16-148 Owens MOO.docx